[884 NYS2d 882]

In the Matter of STEVEN T. RONDOS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 8, 2009

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Sharon Gursen Ades* of counsel), for petitioner.

*Kramer Levin Naftalis & Frankel, LLP*, New York City (*Michael J. Sternhell* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

By order of the Supreme Court of New Jersey dated January 5, 2009 (197 NJ 254, 962 A2d 526 [2009]), the respondent was disbarred on consent, his name was stricken from the roll of attorneys in that state, and he was permanently restrained and enjoined from practicing law in that state.

The respondent specifically admitted that his consent was voluntarily given, that he was not subject to coercion or duress, and that the implications of its submission were fully known to him. He is aware that he was the subject of an investigation into his alleged misappropriation of client trust account funds. The respondent avers that those allegations are true and that he would be unable to successfully defend himself against them at a hearing. He consented to disbarment in the State of New Jersey, knowing that it constituted an absolute barrier to his ever seeking reinstatement to the New Jersey State Bar. The respondent acknowledged that his disbarment by consent in the State of New Jersey could not be entered into evidence of wrongdoing in any legal proceedings other than in a disciplinary or Lawyers' Fund proceeding.

By letter dated March 30, 2009, the respondent's counsel informed this Court that the respondent will not oppose the imposition of reciprocal discipline. He has been in the custody of the New York City Department of Correction since his arraignment on February 3, 2009. While the respondent's incarceration renders it difficult to communicate with counsel, he plans to submit an affidavit voluntarily resigning as an attorney in New York.

In view of the respondent's failure to submit a statement of defenses or a demand for a hearing, there is no impediment to the imposition of reciprocal discipline at this juncture. Accordingly, the respondent is disbarred on the basis of his New Jersey disbarment and his proposed submission of a resignation in New York at some future date is unnecessary.

RIVERA, J.P., SPOLZINO, SKELOS, FISHER and ENG, JJ., concur.

Ordered that the petitioner's application is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Steven T. Rondos, is disbarred, and

his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Steven T. Rondos, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Steven T. Rondos, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

Ordered that if the respondent, Steven T. Rondos, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).